IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

L'SANA DJAHSPORA and MICHELLE )
CURTAIN-STEWART as Personal )
Representatives of CINQUE DJAHSPORA, )
deceased, )
)
    Plaintiffs, )
)
VS. ) No. 15-1269-JDT-egb
)
CITY OF JACKSON, TENNESSEE, )
ET AL., )
)
    Defendants. )

ORDER DENYING PLAINTIFF'S OBJECTIONS AND
FULLY ADOPTING REPORT AND RECOMMENDATION

    Plaintiffs L'Sana Djahspora and Michelle Curtain-Stewart, acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983 as the Personal Representatives of Cinque Djahspora, deceased. The Defendants are the City of Jackson, Tennessee;[1] Jackson Mayor Jerry Gist; Jackson Police Chief Christopher J. Wiser; and Jackson Police Officers Raymond Bond, Jehonathan Childs and Ken Jones. The case arises from the death of Plaintiffs' son, Cinque Djahspora, after he was shot by Defendant Bond during an incident on November 6, 2014. Plaintiffs allege the shooting was unjustified and not in self-defense and that it was the result of various City policies or customs, including a lack of supervision that condoned the conduct of the Defendant officers, who allegedly engaged in a pattern of using excessive and unwarranted lethal force without consequences.

---

[1] Although Plaintiffs also named the "Jackson Tennessee Police" as a defendant, the Jackson Police Department is not a separate entity that is suable apart from the City of Jackson.

Defendants filed a motion to dismiss certain claims on December 30, 2015 (ECF No. 15) and a motion for summary judgment on all other claims on January 13, 2016 (ECF No. 20). In support of the motion for summary judgment, Defendants submitted both the Declaration of Defendant Bond (ECF No. 20-2) and a copy of the video recording of the incident from the rear-facing camera in Defendant Bond's patrol car (ECF Nos. 18 & 22). Responses to both motions were due within twenty-eight days after service. *See* Local Rule 12.1(b) & 56.1(b). However, Plaintiffs did not file a timely response to either motion and did not seek any extensions of time in which to do so.

On February 12, 2016, U.S. Magistrate Judge Edward G. Bryant entered a scheduling order. (ECF No. 28.) Among the dates set in that order was a July 20, 2016, deadline for disclosure of the Plaintiffs' expert information. (*Id.* at 1-2.)

On May 6, 2016, nearly four months after the motion was filed, Plaintiffs filed an untimely one-paragraph response to the Defendants' motion for summary judgment. (ECF No. 36.) In that response, Plaintiffs state:

> It is the Plaintiffs' contention, and intent to demonstrate with expert corroboration that will be submitted to the Court within the period open for disclosure in this case, that neither the video nor Defendant Bond's declaration accurately present the facts and truth of the police murder of Cinque Djahspora on November 6, 2014, and that Defendants' misrepresentation is consistent with plaintiffs' charges in the initial complaint. Therefore, Plaintiffs object to the motion for summary dismissal and/or dismissal of any named defendants from this action, and move that the Court deny Defendants' motion.

(*Id.*) Plaintiffs did not, however, submit any evidence with the response. Furthermore, the Plaintiffs' deadline for submitting expert information also passed without any disclosures. (*See* ECF Nos. 41 & 41-1.)

On July 22, 2016, Plaintiffs filed a motion (ECF No. 42) seeking to submit, in response to the motion for summary judgment, a purported transcript of a "shoot team interview" with

Defendant Bond conducted on the day following the incident (ECF No. 42-1.) Plaintiffs claim the transcript demonstrates the inaccuracy of the video from Defendant Bond's car and shows the inconsistencies in his statement. (ECF No. 43.) However, Plaintiffs do not explain in their motion how the interview actually shows any inaccuracies or inconsistencies.

Magistrate Judge Bryant issued a Report and Recommendation ("R&R") on August 30, 2016, in which he recommended granting Defendants' motions to dismiss and for summary judgment. (ECF No. 47.) The Magistrate also recommended denying Plaintiffs' motion to submit the transcript of the interview with Defendant Bond. (*Id.* at 25-26.) Plaintiffs filed timely objections to the R&R (ECF No. 48), to which the Defendants have responded (ECF No. 49).

Plaintiffs do not specifically challenge Magistrate Judge Bryant's findings with regard to the Defendants' motion to dismiss. They contend only that Defendant Wiser "[s]urely . . . had to see this video before it was edited and/or otherwise altered" and that Defendant Gist "as mayor, would be expected to be briefed and fully informed on a fatal police shooting at a stage before, or early enough to [be] aware of, any effort to deceive the public and, ultimately, the Court." (ECF No. 48 at 4.) This is apparently in an effort to counter Magistrate Bryant's determination that Plaintiffs failed to allege that Defendants Wiser and Gist had sufficient personal involvement to justify supervisory liability in this case. However, Plaintiffs' statements in this regard are merely speculation.

Plaintiffs' objections also refer briefly and with little detail to two prior incidents in which Jackson police officers supposedly shot and killed unarmed black males without justification, which the Court surmises is an attempt to show a pattern of excessive force resulting from a policy or

custom of failure to supervise. However, Plaintiffs did not make any reasonable attempt to amend their complaint to include such allegations.[2]

As to the motion for summary judgment, Plaintiffs assert that Magistrate Judge Bryant should not have relied on the police-car video footage submitted by the Defendants as being accurate and complete. Plaintiffs assert they can "offer analysis of key frames" of the video that shows the video is "inaccurate and incomplete," that it is "a deliberate misrepresentation by Defendants in that the editing and otherwise altering of the video had to be done with purposeful intention," and that the video is "inconsistent with statements of Defendants, and is prima facie evidence of attempted cover-up and obstruction of justice." (ECF No. 48 at 2.) Plaintiffs further claim they "have evidence from discovery that the video has been edited and/or altered and it does not represent the facts, but serves to cover up the truth that the shooting was unjustified." (*Id.*) Plaintiffs then attempt to briefly explain, to some extent, how their analysis allegedly shows the patrol-car video was altered to delete footage showing the actions of Defendant Boxley when he arrived at the scene of the incident. (*Id.*)

The difficulty with Plaintiffs' objections to the Magistrate Judge's reliance on the video submitted by Defendants is that Plaintiffs have never submitted their supposed frame analysis of that video to the Court in opposition to the Defendants motion, even though they have had more than

---

[2] The deadline for amending the pleadings in this case was April 11, 2016. (ECF No. 28 at 1.) The motion to dismiss was filed December 30, 2015, but Plaintiffs did not file any motion to amend until after the deadline, on April 20, 2014. (ECF No. 33.) The motion to amend did not include a certificate of consultation as required by Local Rule 7.2(a)(1)(B) and was denied by the Magistrate Judge for that reason. (ECF No. 34.) The Court notes the motion to amend also was not accompanied by a proposed amendment which, although not required by the Local Rules, is preferable. In any event, after their motion was denied, Plaintiffs chose not to file any further motions to extend the deadline and amend the complaint.

4

ample time in which to do so. Indeed, Plaintiffs asserted in their initial disclosures, which were served on March 14, 2016, that they were in possession of the analysis at that time. (*See* ECF No. 39-2 at 2 (describing a purported "frame analysis" of the video from the incident).) Nevertheless, they did not submit the evidence in response to the motion for summary judgment.

In their one-paragraph response to the motion for summary judgment, Plaintiffs indicated they would submit their expert analysis of the police-car video to the Court "within the period open for disclosure in this case." (ECF No. 36.) It is possible that Plaintiffs believed it was permissible to wait until the expert disclosure deadline to submit their evidence instead of submitting it in a timely response to the summary judgment motion. However, even if that was so, Plaintiffs *still* have not submitted or attempted to submit the expert information or analysis they claim to have in their possession showing that the video was altered. The only evidence they have attempted to submit is the transcript of the "shoot team" interview of Defendant Bond. (ECF No. 42.) However, that transcript is unauthenticated. Nothing in the motion or in the transcript itself reveals who transcribed the interview, when it was transcribed, or how Plaintiffs obtained it. Therefore, the transcript is inadmissible.

Also in their objections, Plaintiffs state that they have requested additional materials from the Defendants through discovery which have not been produced. However, Plaintiffs do not state when those requests were made or when the responses to the requests are or were due, and no motion to compel discovery has been filed. In addition, at no time did Plaintiffs file a motion pursuant to Federal Rule of Civil Procedure 56(d) indicating they needed additional time to conduct discovery before responding to the motion for summary judgment. Thus, even if certain discovery requests are outstanding, that would not justify a denial of summary judgment.

5

Finally, the fact that Plaintiffs are proceeding *pro se* does not require rejecting the R&R. While *pro se* pleadings may be treated more liberally, the Court is not required to make the Plaintiffs' case for them or bend the rules to accommodate their lack of knowledge. The assertion that the Defendants have somehow prevented them from obtaining counsel is ludicrous. Plaintiffs chose to file this case unaided by counsel and must accept the difficulties that come with that choice.

The Court finds that Plaintiffs' objections to the R&R are not well taken. Magistrate Judge Bryant's analysis is thorough and well-reasoned, and the Court agrees with his conclusions. Therefore, the R&R is ADOPTED in full. Plaintiffs' motion to enter evidence (ECF No. 42) is DENIED, and Defendants' motion to dismiss (ECF No. 15) and motion for summary judgment (ECF No. 20) are GRANTED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE